IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARTHA MURPHY, Personal Representative of the Estate of John M. Mike Murphy; | **8:13CV155** |
| Plaintiff, | |
| v. | **ORDER** |
| EMILY R. SVOBODA, SAUL SOLTERO, AND SHARON SOLTERO, | |
| Defendants. | |

This matter is before the court after a hearing on the parties' motions in limine, Filing No. 73 and Filing No. 77, on November 4, 2015.

1.     Defendants' Motion in Limine

Defendants seek an order prohibiting the plaintiff from offering: (1) any testimony or evidence concerning John Murphy's physical or mental condition in the weeks and months following the accident that is not based on personal observation as inadmissible hearsay; (2) testimony or evidence related to alleged lost wages suffered by John Murphy in connection with an alleged employment opportunity in Monterey, Mexico, as speculative; (3) any testimony or evidence regarding insurance coverage as irrelevant and prejudicial; and (4) any testimony or evidence of defendant Emily Svoboda's negligence in connection with the automobile accident as irrelevant in that defendants have admitted liability.

The court finds the defendants' motion to preclude hearsay evidence of plaintiff John M. Murphy's condition is sustained in part with the understanding that Fed. R. Civ. P. 803(3) evidence will be admitted with proper foundation. The court finds the

defendants' motion with respect to evidence of lost wages should be denied, subject to the plaintiff providing the defendants with the basis of its lost wages claim on or before November, 16, 2015.  The plaintiff concedes that there will not be evidence of insurance coverage and the defendants' motion in limine is sustained with respect to that evidence.  The defendant's motion to preclude evidence of the negligence of defendant Emily Svoboda is sustained in part—evidence of the defendant's negligence will be permitted only to the extent it is relevant and is necessary to provide context.  Extensive evidence or argument regarding texting and driving will not be permitted, but the plaintiff will be allowed to elicit evidence that defendant Emily Svoboda was negligent in not keeping a proper look out.

      2.      Plaintiff's Motion in Limine

Plaintiff seeks to preclude the defendants from offering or eliciting any of the following:   (1) any reference to any medical records not in evidence; (2) any suggestion that Defendant would have to pay any judgment personally: (3) any reference to any payments of accident-related medical bills by an insurer; (4) any reference to Medicare; (5) any reference to the financial status of either party to this suit; and (6) evidence of any settlement negotiations.

With respect to the plaintiff's request regarding medical records not in evidence, the court understands that the medical documents relied on by expert witnesses in this case have been produced to both parties.  The court finds the motion should be denied without prejudice to reassertion at trial if any such evidence is offered.  To the extent that the defendants seek to offer or elicit testimony on any new records, the record shall

be provided to the plaintiff one day prior to the offer or testimony.  The court is not inclined to admit evidence that has not been produced before trial.

The defendants concede that evidence suggesting personal payment of any judgment, references to payments by insurers, references to Medicare, and references to the financial status of the parties should be precluded and the court accordingly sustains the plaintiff's motion with respect to those items.  Further, the court finds that evidence of settlement is improper and the plaintiff's motion with respect to settlement negotiations should be sustained.

SO ORDERED.

DATED this 5th day of November, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge